POLSTON, J.,
dissenting.
By adding an exclusionary rule to remedy a violation of Florida’s knock-and-announce statutory requirement, the majority improperly applies a remedy that is not present in the statute and that is contrary to both the United States and Florida Constitutions.
The majority acknowledges that, under both the United States and Florida Constitutions, the exclusionary rule does not apply to knock-and-announce violations. See Hudson v. Michigan, 547 U.S. 586, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006); art. I, § 12, Fla. Const. Further, Florida’s knock-and-announce statute at issue does not contain an exclusionary rule. See § 901.19, Fla. Stat. (2005). This is not surprising because the statute is patterned after English common law, which had no exclusionary rule. See 8 John Henry Whitmore, A Treatise on the Ango-Ameri-can System of Evidence in Trials at Common Law § 2183 (8d ed. 1940) (“[I]t has long been established that the admissibility of evidence is not affected by the illegality of the means through which the party has been enabled to obtain the evidence.” (citing to English precedent dating back to 1723) (emphasis omitted)).
Accordingly, without this additional remedy added by the Court in Benefield v. State, 160 So.2d 706 (Fla.1964), the plain language of section 901.19 would be consistent with the United States and Florida Constitutions, and English common law. Therefore, for the same reasoning followed by the United States Supreme Court in Hudson, I would recede from Benefield.
Because the majority’s decision is premised on common law principles, the Florida Legislature may choose to eliminate the majority’s exclusionary rule for knock-and-announce violations.
I respectfully dissent.
LABARGA, J., concurs.